

# THE ATTORNEY GENERAL
## OF TEXAS

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

November 25, 1969

Honorable Joe Resweber
County Attorney
Harris County
Harris County Courthouse
Houston, Texas 77002

Opinion No. M-517

Re: Chapter 652, Acts
of the 61st Legis-
lature, 1969 which
exempts from taxation
the property owned
by Garden Clubs.

Dear Mr. Resweber:

RQ 550

You have requested an opinion from this office as to
whether the property of the LaPorte Bayshore Garden Club
is exempt from ad valorem taxes by virtue of the exemp-
ting statute (Article 7150, V.C.S., Chapter 652, p. 1950,
Acts 61st Legislature 1969, R.S.) being unconstitutional
under Art. VIII, Sec. 2, Constitution of Texas.

In order for an organization to be exempt from ad
valorem taxes, it must bring itself within one of the
classes of properties enumerated in Article VIII, Sec-
tion 2 of the Texas Constitution which provides as
follows:

> "All occupation taxes shall be equal
> and uniform upon the same class of subjects
> within the limits of the authority levying
> the tax; but the legislature may, by general
> laws, exempt from taxation public property
> used for public purposes; actual places or
> /of_7 religious worship, also any property
> owned by a church or by a strictly religious
> society for the exclusive use as a dwelling
> place for the ministry of such church or
> religious society, and which yields no reve-
> nue whatever to such church or religious
> society; provided that such exemption shall
> not extend to more property than is reasonably

necessary for a dwelling place and in
no event more than one acre of land;
places of burial not held for private
or corporate profit; all buildings used
exclusively and owned by persons or asso-
ciations of persons for school purposes
and the necessary furniture of all schools
and property used exclusively and reasonably
necessary in conducting any association
engaged in promoting the religious, educa-
tional and physical development of boys,
girls, young men or young women operating
under a State or National organization of
like character; also the endowment funds
of such institutions of learning and reli-
gion not used with a view of profit; and
when the same are invested in bonds or
mortgages, or in land or other property
which has been and shall hereafter be
bought in by such institutions under fore-
closure sales made to satisfy or protect
such bonds or mortgages, that such exemp-
tion of such land and property shall con-
tinue only for two years after the purchase
of the same at such sale by such institu-
tions and no longer, and institutions of
purely public charity; and all laws exempt-
ing property from taxation other than the
property above mentioned shall be null and
void.  As amended Nov. 6, 1906, proclamation
Jan. 7, 1907; Nov. 6, 1928."

Pursuant to the authority granted to it by Art.
VIII, Sec. 2, the Legislature enacted Art. 7150, Ver-
non's Civil Statutes, which specifies exemptions from
ad valorem taxes.  The 61st Legislature by Chapter 652
amended Article 7150, Vernon's Civil Statutes, which
provides as follows:

"Section 1, Article 7150, Revised Civil
Statutes of Texas, 1925, as amended, is amended
by adding new Sections 24 and 25 to read as
follows:

'24. All property of organizations, whether incorporated or not, which are devoted wholly to the promotion and encouragement of, or the dissemination of information concerning, the development, propagation, growing, or arrangement of flowers or decorative shrubs, plants, or trees, is exempt from taxation, provided the property is owned and used for such purposes only, is not in whole or in part leased out to others, and is not in any manner operated at a profit or houses any individual or entity which operates a business upon said premises at a profit.'

"Sec. 2, All garden clubs owning real property in Texas shall be exempt from ad valorem taxation."

Inasmuch as the last phrase of Art. VIII, Sec. 2, provides that ". . . all laws exempting property from taxation other than the property mentioned above shall be null and void," it is necessary for the garden club to come within one of the enumerated classes of properties to be entitled to an exemption.

The Supreme Court of Texas in City of Houston v. Scottish Rite Benevolent Ass'n, 111 Tex. 191, 230 S.W. 978 (1921), held that an institution qualifies as one of "purely public charity" where (1) it makes no gain or profit, (2) it accomplishes ends wholly benevolent, and (3) it benefits persons indefinite in number and in personalities, by preventing them, through absolute gratuity, from becoming burdens to society and to the State.

In the recent case of Hilltop Village, Inc. v. Kerrville Ind. Sch. Dist., 426 S.W.2d 943 (Tex.Sup. 1968), the Court in considering the tests of what constitutes a "purely public charity" stated at page 948:

"River Oaks Garden Club v. City of Houston, 370 S.W.2d 851 (Tex.Sup. 1963), is our most recent writing upon the subject of charitable exemption from taxation.

In denying exemption there, we reiterated the previously stated tests:

> '* * * /A 7n organization is not an institution of purely public charity within the meaning of the constitutional exemption unless it assumes, to a material extent, that which otherwise might become the obligation or duty of the community or the state'; and '* * * unless its funds, property and assets are pledged and used to provide for the basic needs of the sick, distressed and needy, whether the benefits be extended only to a small segment of society or to the public generally.'"

Under our Constitution the Legislature is powerless to exempt an organization unless such organization is either an institution of "purely public charity" as that term is employed in our Constitution or unless the organization comes within one of the enumerated classes of properties set forth therein.

Whether an organization is an "institution of purely public charity" is a fact question upon which this office cannot pass. We have been presented no facts as to the use being made of the property, and the corporate charter and by-laws of the LaPorte Bayshore Garden Club are not before us. The Tax Assessor-Collector should ascertain the facts and make the initial decision. If the LaPorte Bayshore Garden Club is a "garden club" of the type refused an exemption by the Supreme Court in the River Oaks case, supra, under the holding in that case, there can be no exemption.

We are unable to conclude as a matter of law that the exempting statute is unconstitutional and that under no conceivable state of facts could the LaPorte Bayshore Garden Club qualify its property for a charitable exemption or for one of the other enumerated classes of properties set out in Article VIII, Section 2, Constitution of Texas.

## S U M M A R Y

If the LaPorte Bayshore Garden Club
qualifies as an "institution of purely public
charity" as that term is used in Section 2,
Article VIII, Constitution of Texas, or for
one of the other exempted classes of property
enumerated in Article VIII, Section 2 of
such Constitution, it is exempt from ad val-
orem taxation and if not an "institution of
purely public charity", it is not tax exempt.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Terry Reed Goodman
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman

Earl Hines
Arthur Sandlin
Fisher Tyler
Wardlow Lane

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant